CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

DEC 0 6 2010

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 6:05cr00006-2 |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| TRAVIS HOWARD VIAR. | ) | By: Norman K. Moon |
| | ) | United States District Judge |

Travis Howard Viar, a federal inmate proceeding pro se, filed this 28 U.S.C. § 2255 motion

challenging his conviction and sentence of 262 months for conspiring to distribute

methamphetamine. Viar alleges insufficiency of the evidence, trial court error, prosecutorial

misconduct, and ineffective assistance of counsel. This matter is before the court on respondent's

motion to dismiss. The court finds that Viar's claim regarding the sufficiency of the evidence was

already decided on appeal and is barred on habeas review, that his claims of trial court error and

prosecutorial misconduct are procedurally defaulted, and that his claims of ineffective assistance of

counsel have no merit. Therefore, the court grants respondent's motion to dismiss.

### I.

After a jury found Viar guilty of conspiring to distribute more than 500 grams of

methamphetamine, in violation of 21 U.S.C. § 846, the court sentenced Viar to a term of 262 months

incarceration. Viar appealed, arguing that the evidence was insufficient to convict him, the trial

court erred in admitting the court identification of Viar by two government witnesses, and the trial

court erred in enhancing Viar's sentence for obstruction of justice. The United States Court of

Appeals for the Fourth Circuit denied Viar's appeal on all grounds. Viar then filed the instant § 2255

motion arguing:

    1. The evidence was insufficient to convict him;

2. The prosecution withheld exculpatory evidence;

3. The trial court erred in denying Viar's request for a continuance before trial; and

4. Counsel provided ineffective assistance in failing to:

> a. interview witnesses who would have offered exculpatory evidence on behalf of Viar, and

> b. object to the testimony of two government witnesses who had difficulty identifying Viar in court.

For the reasons stated herein, the court finds that all of Viar's § 2255 claims must be dismissed.

## II.

Viar claims that evidence was insufficient to convict him. However, the United States Court of Appeals already decided this issue on direct appeal. Therefore, the court finds that this claim is not cognizable on federal habeas review and dismisses it.

A federal habeas petitioner ordinarily cannot re-litigate issues that have already been decided on direct review. Withrow v. Williams, 507 U.S. 680, 720-21 (1993); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (claims fully considered on direct appeal cannot be reconsidered on collateral attack); Herman v. United States, 227 F.2d 332 (4th Cir. 1955) (§ 2255 motion may not raise questions that were fully considered on appeal). Because Viar raised his evidentiary sufficiency claim on direct appeal, and the Court of Appeals rejected it, this court now dismisses it on habeas review.[1]

## III.

Viar claims that the trial court erred in denying his motion for a continuance and that the

---

[1]The court also notes that the Fourth Circuit's resolution of the claim is binding and reviewable only on appeal. Certainly, it is not reviewable by the district court.

prosecutor withheld exculpatory evidence. The court finds that these claims are procedurally barred because Viar did not raise them on direct appeal and nothing excuses the default. Accordingly, the court dismisses these claims.

"[H]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998). Claims that could have been, but were not raised on direct appeal are procedurally defaulted unless the petitioner demonstrates both cause for the default and actual prejudice from the failure to review the claim,[2] Bousely, 523 U.S. at 622; United States v. Frady, 456 U.S. 152, 170 (1972); Wainwright v. Sykes, 433 U.S. 72, 84 (1977); United States v. Mikalajunas, 186 F.3d 490, 492-95 (4th Cir. 1999); United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), or demonstrates that he is actually innocent, Schlup v. Delo, 513 U.S. 298, 321 (1995); Mikalajunas, 186 F.3d at 493. Actual innocence means factual innocence, not merely the legal insufficiency of his conviction or sentence. Bousley, 523 U.S. at 623-24. "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." House v. Bell, 547 U.S. 518, 536-37 (2006) (internal quotation marks omitted). Because Viar did not raise his trial court error or prosecutorial misconduct claims on direct appeal, they are procedurally defaulted unless he demonstrates cause and prejudice or actual

---

[2] To establish cause, Viar must point to some objective factor beyond the his control that impeded or prevented him from presenting his claim. Coleman v. Thompson, 501 U.S. 722, 753 (1991). Objective factors that may constitute "cause" include: (1) interference by officials that makes compliance impracticable; (2) a showing that the factual or legal basis for a claim was not reasonably available; (3) novelty of the claim; and (4) constitutionally ineffective assistance of counsel. Wright v. Angelone, 151 F.3d 151, 160 n.5 (4th Cir. 1998) (quoting McCleskey v. Zant, 49 U.S. 467, 493-94 (1991)). To show prejudice, Beard must demonstrate "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." McCarver v. Lee, 221 F.3d 583, 892 (4th Cir. 2000) (quoting United States v. Frady, 456 U.S. 152, 170 (1972)).

innocence. Here, Viar does not allege any cause or prejudice to excuse his default. Nor does he allege that he is actually innocent of his convictions.[3] Accordingly, the court finds that Viar procedurally defaulted these claims and that he has alleged nothing to excuse his default. Therefore, the court dismisses his claims.

## IV.

Viar claims that counsel provided ineffective assistance in failing to interview witnesses who would have offered exculpatory evidence on behalf of Viar and in failing to object to the testimony of two government witnesses that had difficulty identifying the defendant in court. However, the court finds that neither of his claims meet both the performance and prejudice prongs of Strickland v. Washington, 466 U.S. 668, 669 (1984), and therefore, the court dismisses them.

In order to establish an ineffective assistance claim, Viar must show that his counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by counsel's alleged deficient performance. Strickland, 466 U.S. at 669; see also Williams v. Taylor, 529 U.S. 362 (2000). Courts apply a strong presumption that counsel's performance was within the range of reasonable professional assistance. Strickland, 466 U.S. at 689; see also Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983); Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977). In addition to proving deficient performance, a petitioner asserting ineffective assistance of counsel must prove that he suffered prejudice as a result of his counsel's deficient performance. That is, petitioner must show there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding

---

[3] To the extent his challenge to the sufficiency of the evidence supporting his conviction can be construed as a claim of actual innocence, it fails. Actual innocence means factual innocence, not merely legal insufficiency, and there is nothing that remotely suggests that Viar is actually innocent.

would have been different. <u>Strickland</u>, 466 U.S. at 694. The petitioner "bears the burden of proving <u>Strickland</u> prejudice." <u>Fields</u>, 956 F.2d at 1297 (citing <u>Hutchins</u>, 724 F.2d at 1430-31). If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." <u>Fields</u>, 956 F.2d at 1290 (citing <u>Strickland</u>, 466 U.S. at 697). A court's evaluation of counsel's performance under this standard must be "highly deferential," so as not to "second-guess" the performance. <u>Strickland</u>, 466 U.S. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." <u>Id.</u> (internal quotation marks and citation omitted); <u>see also</u> <u>Bowie v. Branker</u>, 512 F.3d 112, 119 n. 8 (4th Cir. 2008); <u>Fields</u>, 956 F.2d at 1297-99; <u>Roach v. Martin</u>, 757 F.2d 1463, 1467 (4th Cir. 1985). In this case, Viar has not demonstrated ineffective assistance of counsel.

**A.**

Viar alleges that trial counsel was ineffective in failing to interview witnesses who would have offered exculpatory evidence on behalf of Viar. However, the court finds that Viar has not demonstrated that counsel's performance was deficient or that he suffered prejudice as a result of counsel's allegedly deficient performance, and therefore, dismisses his claim.

In support of his claim, Viar alleges that several witnesses were available to testify on his behalf, but counsel failed to call them to the stand. In response to the government's motion to dismiss this claim, Viar alleges that one unidentified witness would have testified that she was in possession of evidence to demonstrate that one of the government witnesses may have perjured himself on the stand in order to secure a shorter sentence for himself. Viar also alleges that Serena

Darbro would have testified that she had a letter from one of the co-conspirators who had been intimidated and offered a benefit of a lower sentence in trade for fabricated testimony against Viar. Viar notes that Ms. Darbro did testify at trial, but states that his counsel did not question her and, thus, her evidence of the letter was "kept out of the testimony."

Although Viar alleges what two of the witnesses would have testified to, he does not name one of the witnesses, he does not provide an affidavit from either of the witnesses, he does not provide the evidence which the two witnesses allegedly possess, and he does not even name the government witness and co-conspirator who allegedly gave false testimony. Therefore, the court finds that his claim is far too vague and conclusory to overcome "the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Roach, 757 F.2d at 1476. Further, even if the court were to conclude that the failure to call these witnesses constituted deficient performance, Viar would only be entitled to relief if he could demonstrate a "reasonable probability" that presentation of the omitted testimony and/or evidence would have changed the result at trial. See Strickland, 466 U.S. at 694. With regard to the unidentified witness, Viar concedes that the unidentified evidence that she allegedly possessed only had the possibility of impeaching the unidentified government witness. With regard to Darbro and the alleged letter, the only co-conspirator who testified at Viar's trial was Randy Ellington and Ellington's testimony was not about Viar. In fact, Ellington testified that he did not even know Viar. Therefore, it seems unlikely that a letter from Ellington stating that he was intimidated into providing false testimony against Viar exists and much less that it would have affected the outcome of Viar's case. Accordingly, the court finds that Viar has not demonstrated prejudice resulting from counsel's failure to call certain witnesses during trial and, thus, the court dismisses this claim.

**B.**

Viar also claims that his counsel was ineffective in failing to object to the testimony of two government witnesses that had difficulty identifying the defendant in court. The court finds that Viar has demonstrated neither the requisite deficient performance nor resulting prejudice, and therefore, dismisses his claim.

In support of his claim, Viar states that counsel made a "strategic error" in failing to object to the two witnesses' identifications because "this was an opportunity to discredit these witnesses which may have been a powerful incentive for the jury to infer that the government's witnesses were largely made up of individuals who had made deals with the government in exchange for lighter sentences." As an initial matter, counsel is afforded wide latitude in making tactical decisions. Strickland, 466 U.S. at 689. In addition, a review of the transcripts of Viar's trial suggests that witnesses Gillespie and Juno did not have difficulty identifying Viar, but rather had difficulty pointing him out, from where they were sitting in the witness stand, among the other men sitting at the same table.[4] Gillespie's in-court identification of Viar went as follows:

Q.     Mr. Gillespie, do you see Travis Viar . . . in court today?

A.     Yes.

Q.     Can you point him out for the jury, please?

A.     (Indicating.)

Q.     You are not looking at him, but have you seen him already?

---

[4] The court notes that Viar does not identify which two witnesses he is referring to in this claim anywhere in his § 2255 motion; however, on appeal, Viar challenged the in-court identifications of Viar made by government witnesses Gillespie and Jano. Therefore, the court will presume Viar is referring to these two witnesses. To the extent he may be referring to some other witnesses, the court finds that his allegations are far to vague and conclusory to rise to the level of a constitutional violation.

A.    Yeah.

Q.    Are you pointing to the defendant sitting next to Mr. Howard?

A.    Yeah.

Juno's in-court identification of Viar went as follows:

Q.    Do you see that person [Viar] in court today?

A.    Yeah.

Q.    Can you point him out, please?

A.    He's over there in the corner, back there.

Q.    Are you – can you point –

A.    Right here in the corner (indicating).

Q.    Are you pointing to this gentleman right here (indicating)?

A.    Right here in the corner (indicating).

Q.    Okay.  Sitting next to his lawyer, Mr. Howard?

A.    Yeah.

Based on the foregoing, the court finds that Viar has not demonstrated that counsel's performance was deficient when he failed to object to the witness identification of Viar. See Clanton v. Bair, 826 F.2d 1354, 1359 (4th Cir. 1987) (Counsel is not ineffective for failing to raise a legally frivolous argument.)

Moreover, Viar has not demonstrated that he was prejudiced by counsel's failure to object to the witness identifications.  To begin with, the jury observed whether Gillespie and Jano had any difficulty in identifying Viar at trial and could use that observation in their consideration of the credibility of each of the two witnesses and in weighing the evidence.  Further, at least four other

witnesses identified Viar in court and Viar does not challenge their identification of him. Therefore, the court finds that Viar has failed to demonstrate that but for counsel's failure to object to the two witnesses' identifications, the outcome of the proceeding would have been different. Accordingly, the court dismisses this claim.

## V.

For the reasons stated herein, the court grants the government's motion to dismiss.

Entered this _____ day of December, 2010.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE